FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 8:56 am, Dec 31, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CASE NO.: 2:20-cr-32 |
| v. | |
| WALTER JOHNSON, III, | |
| Defendant. | |

## O R D E R

Defendant was indicted for possession of contraband in prison, in violation of 18 U.S.C. § 1791(a)(2). Doc. 1. I sentenced Defendant to serve one month in prison, consecutively to any term he was then serving. Doc. 27. Defendant has now filed a Motion for Compassionate Release or to Reduce Sentence. Doc. 29. The United States filed a Motion for Extension of Time to respond to Defendant's Motion, doc. 30, which the Court **DENIES as moot**. The United States also filed a timely Response to Defendant's Motion, and Defendant filed a Reply. Docs. 31, 33.

In his Motion, Defendant states the COVID-19 pandemic and his high-risk medical conditions warrant relief under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Doc. 29 at 1. Defendant notes the Bureau of Prisons has already denied his request for compassionate release, concluding Defendant meets the Centers for Disease Control and Prevention ("CDC") criteria for people at high risk for severe COVID infection, but Defendant has detainers and is not appropriate for home confinement.[1] Id. at 2.

---

[1] Defendant urges the Court to adopt the Bureau of Prisons' view he is at a high risk of severe

The Government avers Defendant has not shown he is entitled to relief under U.S.S.G. § 1B1.13(2) and 18 U.S.C. § 3553(a).  Doc. 31 at 1, 12, 13.  And even if Defendant did meet these criteria, the United States maintains this Court should exercise its discretion and deny Defendant's Motion.  Id. at 14.

Upon review, the Court **DENIES** Defendant's Motion.  Defendant contends his Motion should be granted because he suffers from hypertension and is overweight.  The CDC lists these ailments as conditions that "might" place a person with COVID-19 "at an increased risk for severe illness."  See Centers for Disease Control, People with Certain Medical Conditions, available at www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 31, 2020).  However, at this point, ailments in the "might" category do not qualify as illnesses sufficiently serious to warrant compassionate release.  Defendant bears the burden of establishing he is uniquely positioned to be so adversely affected by COVID-19 that his release is warranted.  Defendant has not done so.  Therefore, Defendant has not shown "extraordinary and compelling" circumstances entitling him to his requested relief.  Even if Defendant had shown such circumstances, the Court would nevertheless deny his Motion, in the exercise of its discretion.

**SO ORDERED**, this 31st day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

infection.  However, the Court is not bound to do so.  Furthermore, the Government demonstrates Defendant's conditions qualify only as conditions that "might" place Defendant at an increased risk of serious infection, based on CDC guidance.  Defendant ultimately recognizes his hypertension and weight qualify as conditions that "might" place him at increased risk.  Doc. 33 at 3.